THOMAS BANCROFT ET AL. v. H. H. RUSSELL ET AL.

No. 127.

1. **Injunction—Construction of Fiat.**—Suit for damages for a wrongful injunction. Both parties were saw mill owners. The fiat of the judge commanded plaintiffs to desist and refrain from using their slab burner or elevator in the manner complained of in the petition for injunction, or in any other manner so as to cause appellees' mill premises to be endangered by fire, or their business interfered with by reason of the smoke and fire from said burner or elevator. Appellants were not required to entirely stop the use of either their mill or slab burner, but only to so use them as to prevent the injuries complained of. They could have continued to use their mill and burner whenever it would not work the injuries specified. The only damage alleged was that they were caused by the injunction to stop running their mill for twenty-one days, to their damage $50 per day. The stoppage was voluntary, and the demurrer to the petition was rightly sustained.

2. **Same.**—While courts exact strict and implicit obedience to their injunctions, the spirit of the writ is to be observed, and an act which does not violate that is not a violation of the writ, though within its letter. The objects for which the writ is granted are to be regarded, and its operation not extended by construction further than may be necessary to subserve them.

APPEAL from Orange.   Tried below before Hon. W. H. FORD.

*Bullitt & Bullitt* and *Greer & Greer*, for appellants.—1. The obligors upon an injunction bond become liable for any damage caused by the injunction, if the same is dissolved in whole or in part. Rev. Stats., art. 2881; 2 High on Inj., secs. 1649, 1670.

2. The measure of damages in this case is the same as for breach of contract, to-wit, the net profits appellants would have realized by the operation of their saw mill during the time the same was stopped by

the first or original injunction.  Railway v. Shirley, 45 Texas, 355; Railway v. Hill, 63 Texas, 381; 2 High on Inj., sec. 1673; 2 Sedg. on Dam., sec. 685.

No brief for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action by appellants against appellees on an injunction bond, given by the latter, in a suit in which the principals on such bond had sued out and caused to be served on appellants a writ of injunction.

A general demurrer to the petition was sustained in the court below, and upon appellants declining to amend, their suit was dismissed.

The case has not been briefed by the appellees, and we are to decide from an inspection of the petition whether or not it was so fundamentally defective as to be bad on general demurrer.

The petition set out at length the bill on which the injunction had been issued, the order of the judge granting the writ, and the terms of the writ, as follows:

" That plaintiffs, under the firm name of R. B. Russell & Son, are now and have been for more than ten years past the owners and operators of a steam shingle mill in Orange, Texas, situated on the bank of the Sabine River, and of the value of $20,000, and that defendants, under the firm name of Thomas Bancroft & Sons, have recently erected and are operating a steam saw mill in said town of Orange, on the bank of said river, within 200 or 300 feet of plaintiffs' mill.  That in connection with their mill defendants, for the purpose of disposing of the waste material that accumulates in the operation of their mill, are using and operating what is known as a ' slab elevator' and 'slab burner,' which are built in the navigable channel of said river, within 150 feet of the plaintiffs' mill building and 75 feet of plaintiffs' logway.  That the slabs, sawdust, and other waste material from defendants' mill are carried therefrom by said elevator and thrown into said burner, and there burned by defendants, creating a large and dangerous fire, throwing off volumes of sparks, cinders, and smoke, which cinders and sparks are constantly setting plaintiffs' mill property on fire, endangering the destruction thereof by fire, and preventing plaintiffs from procuring insurance on their said property; and which smoke interferes with the running of plaintiffs' mill, and drives their employes from their places of business constantly, and almost daily causing plaintiffs loss of time in the operation of their mill, and greatly damaging plaintiffs, in the sum of $50 per day.  That if defendants are not restrained from so using their slab burner, plaintiffs believe their said property will be destroyed by fire therefrom and plaintiffs irreparably damaged in the value thereof.  That plaintiffs' said property is in

constant danger of being burned by defendants' said burner, causing plaintiffs great uneasiness of mind, and putting plaintiffs to expense and trouble in guarding against said danger."

The fiat of the judge granting the writ is as follows: "On this 5th day of June, 1889, the petitioners in the within cause came on for consideration, and being sufficiently advised in the premises, I, James Masterson, judge of the Eleventh Judicial District of Texas, do here now grant the preliminary injunction prayed for, in so far as to enjoin and restrain the defendants from using or operating their slab burner or elevator complained against in and by said petition in the manner alleged in plaintiffs' petition, or in any other manner to cause plaintiffs' premises to be endangered from fire or their business interfered with by reason of smoke and fire "

The writ of injunction alleged to have been issued and served is alleged as follows: "That said writ of injunction commanded the plaintiffs (herein defendants) in said injunction suit to desist and refrain from using or operating their said slab burner or elevator complained against by plaintiffs in their said petition in the manner alleged by them (plaintiffs in injunction) in their said petition, or in any other manner so as to cause plaintiffs' said mill premises to be endangered by fire or their business interfered with by reason of the smoke and fire from said burner or elevator."

The petition then alleges, that by the service upon them of the writ they were caused to stop using their slab burner and saw mill in any manner for twenty-one days, at a loss which was stated; that the use of the burner was essential to the operation of the mill, and that the mill could not be run without the use of the slab burner. No damage but this is alleged to have been caused by the service of the injunction.

As we construe the petition, fiat, and writ, appellants were not required to entirely stop the use of either their mill or slab burner. The complaint in the petition is of the danger of fire from sparks and annoyance from smoke. Those are the injurious results sought to be prevented; and the fiat, therefore, restricted the writ to the prevention of such use as would endanger appellees' premises from fire or interfere with their business by smoke or fire. This language we understand to be a qualification of the whole order, and the writ was drawn in accordance with it. Under this writ, appellants could have continued the use of their mill and burner whenever it would not work the injury specified. That it was in their power to do so, the petition expressly alleges. When the original injunction was dissolved, the court substituted another, which permitted appellants to do what we think they could have done under the first writ, and protected appellees against all the injurious consequences which had already been enjoined.

While courts exact strict and implicit obedience to their injunctions, the spirit of the writ is to be observed, and an act which does not violate that is not a violation of the writ, though within its letter. The objects · for which the writ is granted are to be regarded, and its operation should not be extended by construction further than may be necessary to subserve them.    2 High on Inj., secs. 1419, 1432, 1446; Magennis v. Parkhurst, 4 N. Y. Eq., 433.

As appellants were not required by the writ to desist from the use of their mill nor wholly from the use of their slab burner, they can not charge appellees with the loss resulting from their voluntary act in doing so.    No other damage resulting from the injunction being alleged, there was no error in sustaining the demurrer.

The judgment is affirmed.

*Affirmed.*

Delivered April 6, 1893.